**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MYRON N. CRISDON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. BALTIMORE, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-18226 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 6-2) pursuant to 28 U.S.C. § 1915(a)(1) and Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 7); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income or expenses. (IFP Application ¶ 1, 8.) Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses (*id.* ¶¶ 1-8); and

**THE COURT FINDING** that because Plaintiff declares that he has no income, the Court grants the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below,

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Plaintiff's Complaint is **DISMISSED with prejudice** and Plaintiff's Motion for a TRO is **DENIED**.

## I. BACKGROUND

In his Amended Complaint, Plaintiff alleges that he is the defendant in a pending criminal proceeding before the Camden Municipal Court arising from Municipal Complaint No. 0408-S-2024-004687. (Dkt. No. 6.) Plaintiff names the Camden Municipal Court and a municipal court judge as respondents and seeks a writ of mandamus compelling dismissal of the municipal prosecution. (*Id.* at 1.) Plaintiff alleges that he filed a motion to dismiss in the municipal court on October 17, 2025, that court personnel initially refused to accept the filing before later accepting it, and that the presiding municipal court judge proceeded with a hearing without first reviewing or deciding the motion. (*Id.* at 1-2.) Plaintiff further alleges that the municipal court has failed to provide adequate resources to *pro se* litigants, thereby denying him meaningful access to the courts and violating his federal constitutional rights. (*Id.* at 2.)

As relief, Plaintiff asks this Court to issue a writ of mandamus directing the municipal court to dismiss the underlying municipal prosecution with prejudice, vacate all proceedings occurring after the filing of his motion to dismiss, investigate the Camden Municipal Court Clerk's Office, stay all further municipal court proceedings, and award compensatory, treble, and punitive damages together with any additional relief the Court deems appropriate. (*Id.* at 3.)

After commencing this action, Plaintiff filed the pending TRO Motion. (Dkt. No. 7.) Therein, Plaintiff represents that he appeared before the Camden Municipal Court on January 16, 2026, informed the municipal court that this federal action was pending, objected to further proceedings, and requested that the municipal court stay the case. (*Id.* at 1-2.) According to Plaintiff, the municipal court denied that request, scheduled the matter for trial, and advised

Plaintiff that he could face incarceration and monetary penalties if convicted. (*Id.* at 2.) Plaintiff now asks this Court to immediately enjoin the municipal proceedings pending resolution of this action. (*Id.* at 3-4.)

The matter is therefore before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and for disposition of Plaintiff's request for emergency injunctive relief.

## II. LEGAL STANDARD

### a. Screening Under 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(a), a district court may authorize a litigant to proceed without prepayment of fees upon a showing of financial inability to pay. However, granting *in forma pauperis* status does not relieve the Court of its obligation to screen the complaint. Rather, the Court must dismiss an action filed in forma pauperis at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The legal standard governing dismissal under § 1915(e)(2)(B)(ii) is the same as the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, to survive screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor, it need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A court "need not credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

Finally, before dismissing a complaint under § 1915(e)(2)(B), a district court generally should permit amendment unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110–11 (3d Cir. 2002).

**b. TROs and Preliminary Injunctions**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking preliminary injunctive relief bears the burden of establishing: "(1) a likelihood of success on the merits"; (2) that it will "suffer irreparable harm" if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

The first two factors are "gateway factors." *Reilly*, 858 F.3d at 179. If the movant fails to establish either a likelihood of success on the merits or irreparable harm, preliminary injunctive relief must be denied. *Id.*; *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). Only if the movant satisfies both gateway requirements does the Court consider the remaining factors and determine whether, on balance, the extraordinary remedy of injunctive relief is warranted. *Reilly*, 858 F.3d at 179. Because a TRO is governed by the same substantive standard as a preliminary injunction, courts evaluate requests for either form of relief under this four-factor

framework. *See NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999); Fed. R. Civ. P. 65.

## III. DISCUSSION

### a. Plaintiff Cannot Obtain Federal Mandamus Against a State Court or State Judge.

Plaintiff styles his pleading as a "Petition for Writ of Mandamus" and invokes 28 U.S.C. § 1361 as the basis for this Court's jurisdiction. Specifically, Plaintiff asks this Court to compel a Camden Municipal Court judge to dismiss the pending municipal prosecution against him, vacate prior municipal court proceedings, investigate the Camden Municipal Court Clerk's Office, and stay all future proceedings in the municipal action.

Plaintiff's reliance on § 1361 is misplaced. Congress has conferred mandamus jurisdiction upon the district courts only "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its plain language, the statute applies only to federal officers and agencies; it does not authorize federal district courts to issue writs of mandamus directing state courts, state judges, or other state officials in the performance of their duties. *See In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963).

Here, every form of mandamus relief Plaintiff requests is directed at state actors. Plaintiff asks this Court to compel a Camden Municipal Court judge to dismiss his municipal complaint, declare prior municipal court proceedings void, investigate the Camden Municipal Court Clerk's Office, and halt all further proceedings in the pending state prosecution. Those requests necessarily seek to direct the actions of a state court and state judicial officers in the exercise of their official duties. Section 1361 provides no jurisdiction for such relief.

Nor may Plaintiff circumvent this jurisdictional limitation by characterizing the requested relief as necessary to vindicate his constitutional rights. Although Plaintiff alleges violations of

due process, denial of access to the courts, and other constitutional deprivations, those allegations do not expand the Court's mandamus jurisdiction beyond the limits established by Congress. *See In re Wolenski*, 324 F.2d at 309. Federal district courts are courts of limited jurisdiction and possess no supervisory authority over state courts apart from that expressly authorized by federal law.

Accordingly, because Plaintiff seeks a writ directing a state court and state judicial officers to perform—or refrain from performing—official acts in an ongoing municipal proceeding, this Court lacks jurisdiction under 28 U.S.C. § 1361 to grant the requested mandamus relief. The Complaint therefore fails as a matter of law insofar as it seeks relief under the federal mandamus statute.

**b. *Younger* Abstention Independently Bars the Requested Relief.**

Even assuming Plaintiff could overcome the jurisdictional defect discussed above, the Court would nevertheless decline to exercise jurisdiction under the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, federal courts ordinarily must refrain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 43–45. The doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Although the Supreme Court has subsequently clarified that *Younger* abstention applies only in limited categories of cases, ongoing state criminal prosecutions remain the core circumstance in which federal abstention is warranted. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

The Third Circuit has recognized that *Younger* abstention is appropriate where: (1) there is "an ongoing state judicial proceedings"; (2) the state proceedings "implicate important state

interests"; and (3) the state proceedings afford "an adequate opportunity to raise the same constitutional challenges presented in the federal action." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (citing *Middlesex*, 457 U.S. at 432). When these conditions are satisfied, abstention is mandatory unless the plaintiff demonstrates bad faith, harassment, or another extraordinary circumstance that would make abstention inappropriate. *Sprint*, 571 U.S. at 77; *Younger*, 401 U.S. at 53–54.

Each of those requirements is satisfied here. First, Plaintiff expressly alleges that the municipal prosecution remains pending. Indeed, Plaintiff's Emergency Motion for a TRO represents that, on January 16, 2026, the Camden Municipal Court denied his request for a stay and scheduled the matter for trial. Thus, there is no dispute that an ongoing state judicial proceeding exists.

Second, the municipal prosecution plainly implicates important state interests. "The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see also Younger*, 401 U.S. at 44–45. That interest extends to municipal prosecutions brought pursuant to New Jersey law.

Third, Plaintiff has not plausibly alleged that the municipal proceeding prevents him from presenting his federal constitutional arguments. To the contrary, the Complaint reflects that Plaintiff has repeatedly appeared before the municipal court, filed motions, objected on constitutional grounds, and sought dismissal of the municipal complaint. Likewise, Plaintiff alleges that he informed the municipal judge of his constitutional objections and of this federal action during the January 16, 2026 proceeding. These allegations demonstrate that Plaintiff has had, and continues to have, the opportunity to present his constitutional arguments in the state

proceeding and, if necessary, through New Jersey's appellate process. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("[A]ppellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings.").

Nor has Plaintiff alleged facts bringing this case within any recognized exception to *Younger*. The exceptions for bad-faith prosecution, harassment, or other extraordinary circumstances are "narrow" and apply only in exceptional situations. *See ACRA Turf Club, LLC*, 748 F.3d at 135-36. Plaintiff principally alleges that the municipal court failed to rule on his motion to dismiss before conducting a hearing, that court personnel initially declined to accept one of his filings, and that the municipal court denied his request to stay the proceedings after learning of this federal action. Even accepting those allegations as true, they concern alleged procedural errors in an ongoing criminal proceeding—not the sort of extraordinary circumstances that justify federal intervention under *Younger*. *See Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate."). Ultimately, Plaintiff asks this Court to stay his pending municipal prosecution, direct the municipal court to dismiss the charges against him, and otherwise supervise the conduct of the state proceedings. Those requests are precisely the type of federal interference that *Younger* prohibits.

Accordingly, even if this Court possessed jurisdiction to entertain Plaintiff's claims, it would abstain from exercising that jurisdiction under *Younger* and dismiss the Amended Complaint.

**c. The Anti-Injunction Act Independently Prohibits the Requested Injunction.**

Plaintiff's request for emergency relief is independently foreclosed by the Anti-Injunction Act. Through both his Complaint and his Emergency Motion for a TRO, Plaintiff asks this Court

to stay all proceedings in the pending Camden Municipal Court prosecution until this federal action is resolved. He likewise requests that this Court vacate prior municipal court proceedings and prohibit the municipal court from taking further action in his criminal case. Congress has expressly limited the authority of federal courts to interfere with pending state judicial proceedings. The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The Supreme Court has repeatedly recognized that the Anti-Injunction Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). Because the statute embodies "the fundamental constitutional independence of the States and their courts," its exceptions are construed narrowly and "should not be enlarged by loose statutory construction." *Id.* at 287; *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("The Act's core message is one of respect for state courts."). None of the Act's three exceptions apply here.

First, Plaintiff identifies no Act of Congress expressly authorizing this Court to enjoin his ongoing municipal prosecution. Although the Complaint cites 42 U.S.C. § 1983, the relief Plaintiff principally seeks is a writ of mandamus directing a state court to dismiss pending criminal charges and stay further proceedings. As discussed above, § 1361 affords no such authority because it applies only to federal officers and agencies. Moreover, even where § 1983 may qualify as an "expressly authorized" exception under *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972), federal courts remain subject to the equitable restraint imposed by *Younger*. *See Trainor v. Hernandez*,

431 U.S. 434, 444 (1977); *Mitchum*, 407 U.S. at 243 (recognizing that principles of equity, comity, and federalism continue to constrain federal injunctive relief under § 1983).

Second, an injunction is not "necessary in aid" of this Court's jurisdiction. That narrow exception generally applies where a federal court has previously assumed jurisdiction over property or other proceedings in which its jurisdiction would otherwise be impaired. *See Atl. Coast Line*, 398 U.S. at 295; *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641–42 (1977) (plurality opinion). This case presents no such circumstances. Plaintiff simply asks this Court to intervene in an ongoing municipal prosecution over which the state court properly exercises jurisdiction.

Third, an injunction is not necessary "to protect or effectuate" any judgment of this Court. Commonly referred to as the "relitigation exception," this provision permits a federal court to prevent relitigation of claims or issues previously resolved by a final federal judgment. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146-47 (1988). There is no prior federal judgment concerning Plaintiff's municipal prosecution, and thus no judgment for this Court to protect.

Ultimately, Plaintiff requests precisely the relief that § 2283 generally prohibits: an order halting an ongoing state judicial proceeding. Because none of the Anti-Injunction Act's narrowly construed exceptions applies, this Court lacks statutory authority to issue the requested injunction. This provides an additional and independent reason why Plaintiff's request for a TRO and preliminary injunctive relief must be denied.

**d. Even Construing the Complaint as Asserting Claims Under 42 U.S.C. § 1983, Plaintiff Fails to State a Plausible Federal Claim.**

Because Plaintiff proceeds *pro se*, the Court has liberally construed the Complaint. Although styled as a petition for a writ of mandamus, the pleading repeatedly alleges violations of Plaintiffs federal constitutional rights and cites 42 U.S.C. § 1983. Accordingly, the Court considers whether the Complaint states a plausible claim for relief under § 1983. It does not.

Section 1983 provides a cause of action against any "person" who, acting under color of state law, deprives another of rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To state a claim, a plaintiff must allege "(1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even liberally construed, Plaintiff's allegations fail for several independent reasons.

First, to the extent Plaintiff seeks relief against the Camden Municipal Court itself, the Complaint fails because a state court is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983 for purposes of damages); *Johnson v. State of N.J.*, 869 F. Supp. 289, 296–97 (D.N.J. 1994) (holding that New Jersey courts are arms of the State and therefore not subject to suit under § 1983), *aff'd*, 66 F.3d 311 (3d Cir. 1995). Because the Camden Municipal Court is a component of New Jersey's judicial system, it is not a proper defendant under § 1983.

Second, to the extent Plaintiff challenges the actions of the municipal court judge, those claims are barred by the doctrine of absolute judicial immunity. It is well settled that judges are "absolutely immune" from suits arising out of acts performed in their judicial capacity, even where those acts are alleged to have been erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 354 (1978); *Mireles v. Waco*, 502 U.S. 9, 10 (1991). Judicial immunity is overcome only where a judge acts in the clear absence of all jurisdiction or performs nonjudicial acts. *Mireles*, 502 U.S. at 11–12. None of Plaintiff's allegations falls within either exception. Plaintiff alleges that the municipal judge failed to rule on a pending motion, denied his request to stay the proceedings, continued the prosecution, scheduled a trial, and advised Plaintiff of the

potential penalties he faced if convicted. Each of these alleged actions is quintessentially judicial in nature and occurred during the course of an ongoing criminal proceeding over which the municipal court plainly possessed subject-matter jurisdiction. Consequently, the municipal judge is absolutely immune from Plaintiff's claims.

Finally, Plaintiff's remaining constitutional allegations consist largely of conclusory assertions that municipal court personnel denied him due process, obstructed access to the courts, committed misconduct, or engaged in unconstitutional practices. Although Plaintiff alleges that court personnel initially declined to accept one of his filings, he also acknowledges that the filing was ultimately accepted by the municipal court. Beyond these allegations, the Complaint contains no non-conclusory factual matter plausibly showing that any defendant deprived Plaintiff of a federally protected right. *See Iqbal*, 556 U.S. at 678. Nor does Plaintiff allege facts demonstrating the "actual injury" necessary to state a constitutional claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996) (holding that an access-to-courts claim requires a showing that the alleged interference hindered pursuit of a nonfrivolous legal claim); *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (same).

At bottom, Plaintiff disagrees with the manner in which the municipal court has managed his pending criminal case and seeks federal intervention to overturn the state court's rulings. Section 1983 does not provide a vehicle for this Court to supervise ongoing state criminal proceedings or review alleged errors committed therein. Accordingly, even liberally construing the Complaint as asserting claims under § 1983, Plaintiff fails to state a claim upon which relief may be granted, providing an additional basis for dismissal under 28 U.S.C. § 1915(e)(2)(B).

**e. Plaintiff Is Not Entitled to a TRO or Preliminary Injunction.**

Plaintiff also moves for a TRO and preliminary injunction staying all proceedings in the pending Camden Municipal Court prosecution. Specifically, Plaintiff asks this Court to immediately enjoin the municipal court from conducting further proceedings until this federal action is resolved.

Plaintiff cannot satisfy the first—and most important—threshold requirement. As discussed above, this Court lacks authority under 28 U.S.C. § 1361 to issue a writ of mandamus directing a state court or state judicial officer to act. Moreover, Plaintiff's requested relief is independently barred by the *Younger* abstention doctrine and by the Anti-Injunction Act, 28 U.S.C. § 2283. Finally, even liberally construing the Complaint as asserting claims under 42 U.S.C. § 1983, Plaintiff has failed to state a plausible claim for relief because the named defendants are either not subject to suit under § 1983 or are entitled to absolute judicial immunity. Accordingly, Plaintiff has not demonstrated any likelihood of success on the merits.

Because Plaintiff cannot establish a likelihood of success, the Court need not engage in an extended analysis of the remaining factors. *See Reilly*, 858 F.3d at 179. Although Plaintiff asserts that he faces the prospect of criminal prosecution, incarceration, and monetary penalties if the municipal proceedings continue, those consequences arise from the ordinary operation of the pending state criminal process and do not justify federal intervention where Congress and the Supreme Court have expressly limited the authority of federal courts to interfere with ongoing state proceedings. *See Younger*, 401 U.S. at 43–45.

The remaining factors likewise do not favor injunctive relief. Enjoining an ongoing municipal criminal prosecution would substantially interfere with New Jersey's administration of its criminal justice system and would undermine the principles of comity and federalism that

underlie both *Younger* and the Anti-Injunction Act. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431 (recognizing the "strong federal policy against federal-court interference with pending state judicial proceedings"); *Atl. Coast Line R.R. Co.*, 398 U.S. at 287 (explaining that the Anti-Injunction Act reflects "the fundamental constitutional independence of the States and their courts"). The public interest is therefore served by permitting the state courts to adjudicate Plaintiff's criminal case in the ordinary course, subject to the review procedures provided by New Jersey law. Because Plaintiff has failed to establish the threshold requirements for extraordinary injunctive relief, his Emergency Motion for a TRO and Preliminary Injunction will be denied

**f. Leave to Amend Would Be Futile.**

Ordinarily, when a district court dismisses a *pro se* complaint for failure to state a claim, the plaintiff should be afforded an opportunity to amend unless amendment would be inequitable or futile. *Grayson*, 293 F.3d at 110–11; *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Amendment is futile where the amended complaint "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434.

The Court concludes that amendment would be futile here because the defects in Plaintiff's pleading are legal, not factual. The gravamen of the Complaint is Plaintiff's request that this Court intervene in an ongoing municipal criminal proceeding by directing the Camden Municipal Court and its judge to dismiss the pending charges, vacate prior proceedings, and stay all further action in the case. No additional factual allegations could transform the Camden Municipal Court or its judicial officers into federal officers subject to mandamus jurisdiction under 28 U.S.C. § 1361. Likewise, no amendment could eliminate the applicability of *Younger* abstention so long as the underlying municipal prosecution remains pending, nor could additional factual allegations bring

Plaintiff's request for a federal stay of those proceedings outside the scope of the Anti-Injunction Act. *See Younger*, 401 U.S. at 43–45 (1971); 28 U.S.C. § 2283.

Nor could amendment cure the remaining deficiencies identified above. The municipal court is not a proper defendant under 42 U.S.C. § 1983, and the challenged conduct of the municipal judge—ruling on motions, managing the proceedings, denying a stay, and scheduling trial—falls squarely within the scope of absolute judicial immunity. These legal impediments do not depend upon the particular factual allegations of the Complaint and therefore cannot be remedied through repleading.

Finally, to the extent Plaintiff seeks federal review of alleged constitutional errors committed during the course of his municipal prosecution, those issues may be raised in the state proceedings themselves and, if appropriate, through New Jersey's appellate process. This Court cannot exercise supervisory authority over an ongoing state criminal proceeding simply because Plaintiff believes the municipal court has erred. Because the deficiencies identified in this Opinion arise from settled jurisdictional, statutory, abstention, and immunity principles rather than insufficient factual pleading, permitting amendment would serve no useful purpose.

Accordingly, the Complaint will be dismissed with prejudice.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

**ORDER**

IT IS on this 5th day of **August, 2026**, hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 6-2) is **GRANTED**; and further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that Plaintiff's Motion for TRO (Dkt. No. 7) is **DENIED**; and further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED** and serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE